UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


CURTIS BUTLER,

                Petitioner,

v.                                    Case No. 3:12-cv-1207-J-39JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                Respondents.

---

**ORDER**

**I. Status**

    Petitioner Curtis Butler, an inmate of the Florida penal system, initiated this action on October 30, 2012,[1] pursuant to the mailbox rule, by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1).  In the Petition, Petitioner challenges a 2005 state court (Suwannee County, Florida) judgment of conviction for sale or delivery of cocaine and possession of cocaine with intent to sell or deliver.  Respondents submitted a Response to Petition for Writ

---

[1] Petitioner filed the Petition in this Court on November 1, 2012; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date he handed it to the prison authorities for mailing to this Court (October 30, 2012).  See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.  The Court will also give Petitioner the benefit of the mailbox rule with respect to his pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

of Habeas Corpus (Response) (Doc. 15) with exhibits (Ex.). Petitioner submitted a Traverse to Order to Show Cause to Petition for Writ of Habeas Corpus (Reply) (Doc. 18). <u>See</u> Order (Doc. 6). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered

2

through the exercise of due
diligence.

(2) The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the
pertinent judgment or claim is pending shall
not be counted toward any period of limitation
under this subsection.

28 U.S.C. § 2244(d). Like the vast majority of federal habeas
petitions, § 2244(d)(1)(A) establishes the limitations period for
Petitioner's claims.

Respondents contend that Petitioner has not complied with the
one-year period of limitations set forth in 28 U.S.C. § 2244(d).
The following procedural history is relevant to the one-year
limitations issue.  Petitioner was charged by information with (1)
sale or delivery of a controlled substance: cocaine, and (2)
possession of a controlled substance, cocaine, with intent to sell,
manufacture, or deliver.  Ex. 2.  A jury returned a verdict of
guilty of sale or delivery of cocaine, and of possession of cocaine
with intent to sell or deliver.  Ex. 3 at 278; Ex. 4.  On September
22, 2005, the court adjudicated Petitioner guilty, entered
judgment, and sentenced Petitioner to concurrent fifteen-year
sentences.  Ex. 6 at 68-75.  Petitioner appealed.  Ex. 7.  The
First District Court of Appeal affirmed per curiam on January 23,
2007.  Ex. 11.  Petitioner moved for rehearing, and on March 5,
2007, the First District Court of Appeal denied rehearing.  Ex. 12.
The mandate issued on March 21, 2007.  Ex. 11.  His conviction

3

became final on June 4, 2007[2] (90 days after the order denying rehearing) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

Meanwhile, on May 9, 2007, pursuant to the mailbox rule, Petitioner filed a Petition for a Writ of Quo Warranto in the trial court, attacking his conviction. Ex. 13. The trial court considered the motion, and on September 28, 2007, the trial court entered an order denying the motion on its merits, which was filed by the clerk on October 1, 2007. Ex. 14. Petitioner, pursuant to the mailbox rule, on October 23, 2007, filed a timely Notice of Appeal in the circuit court. The Suwannee County Clerk of Court filed the Notice of Appeal on October 29, 2007. Apparently, Petitioner also filed Directions to Clerk, a Motion for Leave to Proceed In Forma Pauperis, and an Affidavit of Insolvency on that date.[3] Ex. 1 at 7.

As noted by Respondents, at that point it was a ministerial duty of the clerk of the circuit court to forward the notice of appeal to the appellate court. Response at 9. Unfortunately, in

---

[2] The ninetieth day fell on Sunday, June 3, 2007.

[3] Respondents did not provide the Court with these particular documents.

4

this instance, the clerk failed to process the appeal and forward the notice of appeal to the appellate court. <u>Id</u>. As a result, Respondents contend that the appeal was never actually pending because the clerk failed to transmit the notice of appeal to the appellate court. <u>Id</u>. at 10-13.

Respondents assert that the statute of limitations period began to run on October 31, 2007, allowing for statutory tolling under AEDPA for a thirty-day period to file a notice of appeal from the October 1, 2007 order denying the petition for writ of quo warranto. <u>Id</u>. at 13. Assuming that is the case, the statute of limitations period ran from November 1, 2007 and ran for 245 days, until Petitioner filed a sworn amended Rule 3.850 motion in the circuit court on July 3, 2008.[4] Ex. 18. In an order filed November 20, 2009, the court dismissed the amended Rule 3.850 motion, but, "[a]s to grounds one through three, pursuant to <u>Spera v. State</u>, 971 So.2d 754 (Fla. 2007), the Defendant shall have **30 days** from the rendition of this order to file an amended motion which is facially sufficient under Fla. R. Crim. Pro. 3.850 and

---

[4] Petitioner's initial Rule 3.850 motion dismissed due to the absence of an oath was not "properly filed" under Florida law, and therefore did not toll the one-year limitations period. Ex. 16; Ex. 17. <u>See</u> <u>Jones v. Sec'y, Fla. Dep't of Corr.</u>, 499 F. App'x 945, 950 (11th Cir. 2012) (per curiam) ("This Court has held that a Rule 3.850 motion that did not contain the written oath required by Florida law was not 'properly filed' under § 2244(d)(2) and, thus, did not toll AEDPA's one-year limitations period."), <u>cert</u>. <u>denied</u>, 134 S.Ct. 65 (2013); <u>Hurley v. Moore</u>, 233 F.3d 1295, 1297-98 (11th Cir. 2000) (per curiam).

Strickland."[5]   Ex. 19 at 5.   Petitioner sought and was granted

extensions of time to file a second amended Rule 3.850 motion.   Ex.

20.   He filed his second amended Rule 3.850 motion on April 23,

2010.   Ex. 21.   In an order filed January 18, 2011, the circuit

court denied the motion.   Ex. 22.   Petitioner appealed, and the

period remained tolled until the First District Court of appeal

dismissed the appeal on June 2, 2011.   Ex. 27.   The limitations

period began to run on June 3, 2011, and ran for thirty-five days,

when it was again tolled on July 8, 2011 by the appellate court's

action of reinstating the appeal.   Ex. 28.   The mandate issued on

appeal on February 16, 2012.[6]   Ex. 29.   During the pendency of this

appeal proceeding, Petitioner filed a pro se Rule 3.850 motion on

---

[5] Respondents contend that the limitations period began to run on November 21, 2009, and expired on Monday, March 22, 2010, prior to the filing of the second amended petition. Response at 14.   The Court is not persuaded that the limitations period was not tolled by the circuit court providing Petitioner thirty days to file an amended Rule 3.850 motion and granting Petitioner extensions of time until he timely filed the second amended Rule 3.850 motion. In any event, Petitioner should benefit from equitable tolling with regard to this period based on the trial court's rulings and Petitioner's compliance with the state court's instructions. Hurley, 233 F.3d at 1298.

[6] Petitioner filed a Notice of Appeal to the Supreme Court of Florida.   Ex. 30; Ex. 31.   The Supreme Court of Florida dismissed the appeal for lack of jurisdiction.   Ex. 32.   Apparently, Petitioner was attempting to invoke the discretionary jurisdiction of the Florida Supreme Court, but this appeal is not considered to be properly filed and did not toll the limitations period.   Harmon v. Barton, 894 F.2d 1268, 1272 (11th Cir. 1990) (recognizing that a per curiam decision without written opinion by a Florida District Court of Appeal "cannot be reviewed by the state supreme court").

August 30, 2011.  Ex. 33.  In an order filed March 13, 2012, the circuit court denied the pro se motion.  Ex. 34.  Petitioner had a thirty-day time period to appeal, tolling the limitations period until Thursday, April 12, 2012.  "See Fla. R.Crim. P. 3.850(g) (providing movant 30 days to timely appeal all orders denying motion for post-conviction relief)."  Hollinger v. Sec'y Dep't of Corr., 334 F. App'x 302, 304 (11th Cir. 2009) (per curiam) (footnote omitted) (allowing for a thirty-day period of time to appeal the denial of a Rule 3.850 motion in calculating the tolled period of time under the AEDPA clock when the petitioner did not file an appeal).

As such, Petitioner had 85 days remaining in the limitations period.  The limitations period began to run again on April 13, 2012, and expired on Monday, July 9, 2012.[7]  His Petition, filed on October 30, 2012, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

Assuming the Petition is untimely filed, it is due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.  The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[7] The eighty-fifth day fell on Saturday, July 7, 2012.

circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157-58 (11th Cir. 2014), cert. denied, 135 S.Ct. 1905 (2015).   As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014) (internal quotation marks omitted).   The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted.   Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

Here, Petitioner asserts two grounds to justify equitable tolling.   First, he argues that pursuant to Martinez v. Ryan, 132 S.Ct. 1309 (2012), his untimely filing is excused because of his counsel's unprofessional conduct during his state, collateral postconviction proceedings.   As recently noted,

> The Eleventh Circuit has expressly rejected petitioner's argument that Martinez applies to overcome the statute of limitations bar. Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) (holding that "the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

8

<u>Sledge v. Jones</u>, No. 3:14-cv92/MCR/CJK, 2015 WL 521057, at *4 (N.D. Fla. Feb. 9, 2015).  As a result, the holding in <u>Martinez</u> is inapplicable to this case and does not excuse Petitioner's untimely filing of his Petition.  As succinctly explained in <u>Arthur v. Thomas</u>, 739 F.3d 611, 630 (11th Cir.), <u>cert</u>. <u>denied</u>, 135 S.Ct. 106 (2014):

> As our discussion shows, the <u>Martinez</u> rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period. The § 2254 ineffective-trial-counsel claims in <u>Martinez</u> and <u>Trevino</u> were not barred by AEDPA's one-year limitations period. Instead, those § 2254 claims were dismissed under the doctrine of procedural default because the petitioners never timely or properly raised them in the state courts under the states' procedural rules. At no point in <u>Martinez</u> or <u>Trevino</u> did the Supreme Court mention the "statute of limitations," AEDPA's limitations period, or tolling in any way.

In addition, Petitioner contends that he is entitled to equitable tolling because he timely appealed the denial of his petition for writ quo warranto.  As noted by Petitioner, Supreme Court precedent provides that an application for post conviction review is pending between the lower court's adverse determination and the filing of a notice of appeal, provided the filing of the notice of appeal is timely under state law.  <u>Carey v. Saffold</u>, 536 U.S. 214, 217, 219-221 (2002).  Indeed, "[i]f the filing of the appeal is timely, the period between the adverse lower court

decision and the filing . . . is not counted against the 1-year AEDPA time limit." <u>Evans v. Chavis</u>, 546 U.S. 189, 192 (2006).

Petitioner timely and properly filed his notice of appeal pursuant to the Florida system of collateral review. Therefore, the period between the adverse lower court decision, the denial of the petition for writ quo warranto, and the filing of the notice of appeal is not counted against the limitations period. Thus, the timely filing necessarily "bring[s] intervals between a lower court decision" and an appeal to a higher court "within the scope of the statutory word 'pending.'" <u>Carey v. Saffold</u>, 536 U.S. at 223. Hence, since the matter was pending upon the timely filing of the notice of appeal, it remains pending:

> The dictionary defines "pending" (when used as an adjective) as "in continuance" or "not yet decided." Webster's Third New International Dictionary 1669 (1993). It similarly defines the term (when used as a preposition) as "through the period of continuance ... of," "until the ... completion of." <u>Ibid</u>. That definition, applied in the present context, means that an application is pending as long as the ordinary state collateral review process is "in continuance"- <u>i.e.</u>, "until the completion of" that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending."

<u>Carey v. Saffold</u>, 536 U.S. at 219-20.

The Court recognizes that this is an unusual case. To date, the appeal of the denial of the petition for writ quo warranto has not been considered by the appellate court. Any failure to

transmit and process the appeal, under these circumstances, is attributed to the clerk of the court, not Petitioner. Petitioner states that he informed his post conviction counsel that he had filed an appeal of the denial of his petition for writ quo warranto, and his counsel assured Petitioner and his mother that "he would handle the remainder of the appellate process in that case." Reply at 5. Petitioner submits an Affidavit supporting this assertion. Reply (attached Affidavit).

Under these unique circumstances, the Court considers the federal deadline tolled due to the timely filing of the notice of appeal of the denial of the petition for writ quo warranto:

> It is clear that tolling continues under section 2244(d)(2) while the petitioner appeals the denial of a state application in state court. Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (holding that a petitioner's claim is "pending" for the entire term of state court review, including those intervals between one state court's judgment and the filing of an appeal with a higher state court); see also Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (noting that the statute of limitations was tolled until the mandate issued from the state court of appeals' order denying a rehearing on its affirmance of the state trial court's denial of a motion for post-conviction relief).

Moore v. Crosby, 321 F.3d 1377, 1380 (11th Cir. 2003). A petitioner's "claim is 'pending' for the entire term of state court review[.]" Williams v. Crist, 230 F. App'x 861, 966 (11th Cir. 2006).

In any event, Petitioner should benefit from "equitable tolling."  For purposes of analysis, the Court will assume equitable tolling applies.  Accordingly, the Court will address the grounds raised in the Petition.

### III. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.  The pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

### IV. Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Section 2254(d) states:

> An application for a writ of habeas
> corpus on behalf of a person in custody

> pursuant to the judgment of a State court
> shall not be granted with respect to any claim
> that was adjudicated on the merits in State
> court proceedings unless the adjudication of
> the claim -
>
> > (1) resulted in a decision that
> > was contrary to, or involved an
> > unreasonable application of, clearly
> > established Federal law, as
> > determined by the Supreme Court of
> > the United States; or
>
> > (2) resulted in a decision that
> > was based on an unreasonable
> > determination of the facts in light
> > of the evidence presented in the
> > State court proceeding.

Thus, 28 U.S.C. § 2254(d) "bars religation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S.Ct. 770, 784 (2011).  As the United States Supreme Court stated, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S.Ct. 10, 16 (2013).  This standard of review is described as follows:

> Under AEDPA, when the state court has
> adjudicated the petitioner's claim on the
> merits, a federal court may not grant habeas
> relief unless the state court's decision was
> "contrary to, or involved an unreasonable
> application of, clearly established Federal
> law, as determined by the Supreme Court of the
> United States," 28 U.S.C. § 2254(d)(1), or
> "was based on an unreasonable determination of
> the facts in light of the evidence presented
> in the State court proceeding," id. §
> 2254(d)(2). "Under § 2254(d)(1)'s 'contrary
> to' clause, we grant relief only 'if the state

13

court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" Jones v. GDCP Warden, 753 F.3d 1171, 1182 (11th Cir. 2014) (quoting Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). "Under § 2254(d)(1)'s 'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Id. (quoting Williams, 529 U.S. at 413, 120 S.Ct. 1495).

For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court – not Supreme Court dicta, nor the opinions of this Court. White v. Woodall,- U.S. -, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698 (2014). To clear the § 2254(d) hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011). "[A]n 'unreasonable application of' [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." Woodall, 134 S.Ct. at 1702 (quoting Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). A state court need not cite or even be aware of Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); accord Richter, 131 S.Ct. at 784.

"AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." Renico v.

> Lett, 559 U.S. 766, 773, 130 S.Ct. 1855, 176
> L.Ed.2d 678 (2010) (citations and internal
> quotation marks omitted). And when a claim
> implicates both AEDPA and Strickland, our
> review is doubly deferential. Richter, 131
> S.Ct. at 788 ("The standards created by
> Strickland and § 2254(d) are both highly
> deferential, and when the two apply in tandem,
> review is doubly so." (citations and internal
> quotation marks omitted)). [A petitioner] must
> establish that no fairminded jurist would have
> reached the Florida court's conclusion. See
> Richter, 131 S.Ct. at 786-87; Holsey v.
> Warden, Ga. Diagnostic Prison, 694 F.3d 1230,
> 1257-58 (11th Cir. 2012). "If this standard is
> difficult to meet, that is because it was
> meant to be." Richter, 131 S.Ct. at 786....

Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1293-94 (11th

Cir. 2014), cert. denied, No. 14-8875, 14A694, 2015 WL 1228919

(U.S. May 18, 2015); see also Hittson v. GDCP Warden, 759 F.3d

1210, 1230 (11th Cir. 2014), petition for cert. filed, No. 14-8589,

14A549 (U.S. Feb. 23, 2015).

Finally, for a state court's resolution of a claim to be an

adjudication on the merits, so that the state court's determination

will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the

claim on the merits, not an opinion that explains the state court's

rationale for such a ruling. Hittson, 759 F.3d at 1232 ("[T]here

is no AEDPA requirement that a state court explain its reasons for

rejecting a claim[.]"); Richter, 131 S.Ct. at 785 (holding that §

2254(d) does not require a state court to give reasons before its

decision can be deemed to have been adjudicated on the merits);

<u>Wright v. Sec'y for Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 906 (2003).  Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## V. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Petitioner raises the following claim:

> The state court failed to adequately address the petitioner's ineffective assistance of counsel claims when it summary [sic] dismissed petitioner's postconviction motion as facially insufficient.  The petitioner asserted factual allegations when taken to be true would constitute grounds for relief.  –– At the very least, the petitioner should have received an evidentiary hearing.

Petition at 7.  After presenting this ground, he summarizes the substance of the four claims of ineffective assistance of counsel raised in his second amended Rule 3.850 motion, and then alleges:

> On appeal postconviction counsel argued that the trial court erred in dismissing Petitioner's motion for post-conviction relief as facially insufficient.  The defendant's rights were further hampered when post conviction counsel failed to properly plead petitioner's grounds.  Because of this the petitioner has been denied a full and fair adjudication of defendant's constitutional claims.

<u>Id</u>.

Respondents contend that Petitioner is actually claiming a defect in a state collateral proceeding, claiming the trial court failed to adequately address his claims and conduct a post

conviction evidentiary hearing.  Response at 35-38.  The Eleventh
Circuit has found:  "defects in state collateral proceedings do not
provide a basis for habeas relief."  Carroll v. Sec'y, DOC, 574
F.3d 1354, 1365 (11th Cir.) (citations omitted), cert. denied, 558
U.S. 995 (2009).  As such, a claim of constitutional dimension has
not been presented, and ground one is due to be denied.  Alston v.
Dep't of Corr., Fla., 610 F.3d 1318, 1325-26 (11th Cir.)
(recognizing that challenges to a collateral proceeding do not
undermine the legality of the conviction itself; therefore, habeas
relief is inappropriate), cert. denied, 131 S.Ct. 829 (2010).

### B. Ground Two

As ground two, Petitioner claims "[t]he state court
adjudication of the petitioner's direct appeal issues was both
contrary to the United States Supreme Court precedent as well as
was a[n] unreasonable applications [sic] of the facts in light of
the evidence."  Petition at 9.  Petitioner states that he raised
two grounds on direct appeal:  "(1) the trial court erred in
denying Petitioner's motion for judgment of acquittal based on the
fact that the state had not shown an actual transfer of money and
drugs from either the Petitioner to undercover agent, or the
Reverse the undercover to the petitioner and (2) Bias of Judge[.]"
Id.

Of import, on direct appeal, Petitioner did not raise a claim
concerning the "bias of judge."  See Response at 39.  Petitioner

did not address this matter of default in his Reply.  Upon review, this ground was never fairly presented to the state courts.  The claim is unexhausted and procedurally defaulted.  Thus, it is procedurally barred.  Petitioner has not shown either cause excusing the default or actual prejudice resulting from the bar.  Moreover, he has not shown that he is entitled to the fundamental miscarriage of justice exception.

Petitioner did raise the following claim on direct appeal: "[t]he evidence is legally insufficient to show that there was either a sale or delivery of cocaine as charged in Count I."  Ex. 8 at ii.  The First District Court of Appeal affirmed per curiam.  Ex. 11.  This claim was adjudicated on its merits and is entitled to deference.  Again, all that is required is a rejection of the claim on its merits, not an opinion with an explanation.  Hittson, 759 F.3d at 1232.

In this case, both the trial court and the First District Court of Appeal found that there was sufficient evidence.  At trial, defense counsel moved for a judgment of acquittal:

> based on the fact that throughout all of the evidence it appears that the State has not shown or proved an actual -- an actual transfer of money and in return a transfer of drugs from either my client to undercover agent Moreno or from undercover agent Moreno to my client Curtis Butler.  I feel their case lacks in those elements and would ask for the Court to dismiss the case at this time.

Ex. 3 at 178.

The trial court found that, in the light most favorable to the state, there was sufficient evidence to send it to the jury. Id. In pertinent part, the trial court charged the jury as follows:

> To prove the crime of sale or delivery of cocaine the State must prove the following two elements beyond a reasonable doubt:
>
> 1.    The defendant sold or delivered a certain substance.
>
> 2.    The substance was cocaine.
>
> Sale means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.
>
> **Deliver or delivery means the actual, constructive or attempted transfer** from one person to another of a controlled substance whether or not there is an agency relationship.

Ex. 3 at 262 (emphasis added).

The jury returned a verdict of guilty as to the sale or delivery charge. Id. at 278; Ex. 4.  As noted by Respondents, "[b]y definition, both the actual transfer and the attempted transfer are sufficient to constitute the act of delivery." Milazzo v. State, 377 So.2d 1161, 1162 (Fla. 1979).  Of note, "state courts are the ultimate expositors of state law . . . ." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975).

The state court's adjudication of this claim is entitled to deference under AEDPA.  After a review of the record and the applicable law, the Court concludes that the state court's

adjudication of this claim is not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to habeas relief on ground two.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. The Clerk of the Court is directed to close this case and terminate any pending motions.

4. If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability.[8]  Because this Court has determined that a certificate of appealability is not

---

[8] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of June, 2015.

_____
BRIAN J. DAVIS
United States District Judge


sa 6/11
c:
Curtis Butler
Counsel of Record

21